1 | P a g e

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

BOYD JOHNSON, individually, and
on behalf of others similarly situated,

        Plaintiff,

vs.

WAL-MART STORES, INC.,

        Defendant.
_____/

### CLASS ACTION COMPLAINT

      **COMES NOW**, Plaintiff, BOYD JOHNSON ("Mr. Johnson") individually, and on behalf of others similarly situated, by and through the undersigned counsel, and sues WAL-MART STORES, INC. ("Walmart"), and as grounds thereof would allege as follows:

### INTRODUCTION

      1.    Mr. Johnson brings this class action individually and on behalf of all persons who have been injured while riding a bicycle assembled at a Walmart store.

      2.    Nearly 60 million Americans have been cycling in the past 12 months[1]. According to the National Bicycle Dealers Association, over 17 million bicycles and sales of over $6 billion were sold in the United States in 2014 and 2015, respectively[2]. Whereas consumers used to go to a specialty bike store to purchase a bicycle—that practice has been slowly disappearing over the past two decades. In 2001, there were 6,259 domestic specialty bicycle retail locations. By 2015, that number dropped nearly 40% to 3,790[3] and accounted for only 13% of the U.S. bicycle market

---

[1] https://www.statista.com/topics/1448/bicycle-industry-in-the-us/.
[2] http://nbda.com/articles/industry-overview-2015-pg34.htm.
[3] https://www.statista.com/statistics/215249/number-of-speciality-bicycle-retail-locations-in-the-us/.

in terms of unit sales[4]. In 2014, 75% of all bicycles sold in the U.S were sold by mass merchants such as Walmart, Target, and K-Mart[5].

3. With the growth of cycling has come the corresponding injuries. While the large amount of bicycle accidents has encouraged riders to wear helmets, knee-pads and use other safeguards, little has been done by Walmart to ensure their bicycles are safe to use. Walmart has already been sued on the subject of improper bike assembly, yet injuries are still occurring due to the continuance of careless and sloppy in-house assembly of their bikes. Having this prior history, Walmart should be marketing and selling bikes with the added responsibility of providing a safe product to its customers. The public should expect Walmart's bike assemblers to be trained in bike assembly and require inspections before placing the bikes in the stream of commerce. Unfortunately, that is not the case. With over 3,500 stores in the United States selling assembled bikes to the public, Walmart is putting tens of thousands of children, teens and adults in harm's way every year due to their negligent and reckless bike assembly procedures.

4. This class action seeks to put an end to Walmart's negligent bike assembly and to recover damages for those class members that have suffered injury due to Walmart's negligence.

**JURISDICTION**

5. This Court has jurisdiction over this action under 28 U.S.C. 1332(d) because this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) members of the class of Plaintiffs are citizens of a State different from the Defendant; and (3) the number of members of all proposed Plaintiffs in the class, in the aggregate, is greater than 100.

6. This Court has personal jurisdiction over Walmart because a substantial portion of

---

[4] http://nbda.com/articles/industry-overview-2015-pg34.htm.
[5] https://www.statista.com/statistics/276046/bicycle-unit-sales-channel-of-distribution/.

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

the wrongdoings alleged herein occurred in Florida. Walmart also has sufficient minimum contacts with Florida, in that Walmart employs 109,849 associates in Florida, and has over 365 stores in the State of Florida, with a substantial portion of those stores located in this District[6].

7. Venue in this District is proper because Mr. Johnson resides in this District, and because it is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. 1391(b).

## PARTIES

8. At all times relevant to this Complaint, Mr. Johnson, was an individual residing in this District who purchased a bicycle at a local Walmart store located in Broward County, Florida.

9. Mr. Johnson honorably and bravely served his country as an United States Army 92Y Specialist, serving a tour in Korea/2nd ID in 2000, and in military intelligence as a member of the 513 MI Brigade.

10. At all times relevant to this Complaint, Defendant, Wal-Mart Stores, Inc., is a Delaware corporation conducting business within Florida and within this Judicial District.

11. Wal-Mart Stores, Inc. is the parent company of Wal-Mart Stores East, L.P. which owns and/or controlled the local Walmart store where Mr. Johnson purchased the subject bike.

## BACKGROUND AND GENERAL ALLEGATIONS

12. Walmart serves nearly 260 million customers per week in its more than 11,500 retail units under 63 banners in 28 countries and e-commerce websites in 11 countries, and employs 2.3 million associates around the world — 1.5 million in the U.S. alone[7]. Walmart now offers customers six different store formats to choose from, ranging from the Supercenters of up to 260,000 square feet to the 15,000 square-foot Walmart Express stores to Walmart gas stations.

---

[6] http://corporate.walmart.com/our-story/our-locations#/united-states/florida.
[7] http://corporate.walmart.com/our-story.

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

4 | P a g e

13. For the fiscal year ended January 31, 2016, Walmart's total revenue was $482.1 billion[8].

14. Walmart offers an incredible array of products, including sports, fitness and outdoors equipment. As a part of its sports, fitness and outdoors section, Walmart offers for sale a large selection of bikes, from tricycles to 25-speed mountain bikes, and everything in between, including road bikes, cruiser bikes, fat tire bikes, electric bikes, recumbent bikes, folding bikes, mountain bikes, and hybrid bikes[9].

15. Walmart sells bicycles from some of the most popular bike companies including, Schwinn, Mongoose, Huffy, Kent, and Roadmaster.

16. Listed as a "best seller" on its website, Walmart sells a 26-inch, 18-speed Roadmaster Granite Peak men's bike, a picture of which is below[10] (the "Roadmaster bike").



---

[8] http://corporate.walmart.com/newsroom/company-facts.
[9] https://www.walmart.com/cp/bikes/1081404.
[10] https://www.walmart.com/ip/26-Roadmaster-Granite-Peak-Men-s-Bike/55038014.

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

17. Upon information and belief, the Roadmaster bike was manufactured by Pacific Cycle, Inc., and sold to Walmart in a semi-assembled state, complete will all parts necessary for assembly as well as instructions for assembly.

18. Upon information and belief, the Roadmaster series of bikes is made available only to Walmart, as stated on the Roadmaster website[11].

19. In fact, a search for bikes on the Roadmaster website leads directly to Walmart.com (https://www.walmart.com/search/?query=roadmaster&cat_id=4171_133073).

20. Walmart offers and advertises "free in-store bike assembly" and sells its bikes in an assembled and ready-to-ride state.

21. In the past, Walmart contracted with third-party vendors to assemble its bikes and to bring the assembled bikes to its store. Upon information and belief, in or about 2014, Walmart began assembling its bikes in-house, using its own employees.

22. Upon information and belief, Walmart's bike assemblers were the same employees assembling Walmart's patio furniture and other products in the stores.

23. Upon information and belief, Walmart's bike assemblers received inadequate training with respect to assembling bikes.

24. Upon information and belief, Walmart's bike assemblers do not have accessible or do not fill in a checklist upon completing a bicycle assembly.

25. Assembly checklists are crucial to maintaining safety standards and are readily available at no costs from a multitude of suppliers such as Spin Doctor[12], a portion of which is copied below.

---

[11] http://www.roadmasterbikes.com/.
[12] https://www.performancebike.com/images/performance/web/PDFs/09_SpinDr_BuildChecklist.pdf.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

6 | P a g e



**GENERAL INSPECTION**
1. ☐ Frame/fork checked for damage and scratches.
2. ☐ Parts inventoried for missing or incorrect parts.

**WHEEL SYSTEMS**
3. ☐ Wheels pre-stressed and trued until stable at + or - .5 mm.
4. ☐ Check hubs for correct adjustment.
5. ☐ Wheel reflectors mounted opposite valve stems.
6. ☐ Quick release levers correctly secured.

**DRIVE TRAIN SYSTEM**
7. ☐ Crank arm bolts securely tightened (315in/lbs).
8. ☐ Chainwheel bolts secured.
9. ☐ Chain checked for proper length, protruding rivets, and tight links.
10. ☐ Grease pedal axle or cranks pedal threads.
11. ☐ Chain lubed with bike chain specific lubrication.

**STEERING SYSTEM**
12. ☐ Headset adjusted.
13. ☐ Headset locknut or ahead stem secured (for ahead stem: 85in/lbs).
14. ☐ Brake lever rotational alignment set 30-45 degrees down from horizontal.
15. ☐ Check brake lever security by load-testing.
16. ☐ Handlebar binder bolt greased at head and threads.
17. ☐ Stem bolt, wedge and interior of steerer tube greased.
18. ☐ Handlebar binder bolt secured.
19. ☐ Stem secured and minimum insertion line not showing.
20. ☐ Load test the handlebars and stem.

26.  Had the Walmart employee that assembled the Roadmaster bike followed a checklist such as the one above, Mr. Johnson's injuries would never have occurred.

27.  Moreover, there are many companies that offer training services and certification for bike assemblers. For example, Barnett Bicycle Institute offers training and exam administration for the BSE (Bicycle Standard of Excellence) Level 1 Certification[13] and BSE Level 2 Certification.

28.  United Bicycle Institute is another company that offers training and certification for bike assemblers and offers a Certified Bicycle Technician program[14].

29.  Upon information and belief, Walmart could have trained and certified its bike assemblers for less than $30.00, but chose not to. Moreover, Walmart could have purchased or

---

[13] http://www.bbinstitute.com/course-overview/bse-level-1-certification.
[14] http://www.bikeschool.com/home.

6 | P a g e

7 | P a g e

created training videos for its bike assemblers but chose not to and chose not to make use of companies that offer bike assembly training via on-demand videos on the Internet.

30. Upon information and belief, Walmart's bike assemblers are so pressured to assemble bikes as fast as they can to meet the demand of customers, that they do not have time to properly inspect the bikes after assembly and fail to inspect even the most basic safety features, such as making sure that bolts are properly tightened or that brakes and tires are properly installed.

31. Upon information and belief, Walmart's bike assemblers do not follow the procedures a reasonably prudent store would follow prior to placing assembled bikes for sale to the public.

32. Upon information and belief, Walmart does not have a procedure in place for an assembled bike to be inspected by a certified or properly trained third-party or in-house inspector before placing the bike on the sales floor.

33. Pacific Cycle published a "Bicycle Owner's Manual" that covers the Roadmaster bike[15].

34. In the introduction to the manual, it notes that "To avoid injury, this product must be properly assembled before use".

35. The introduction further notes:

**Warning / Important**
Take notice of this symbol throughout this manual and pay particular attention to the instructions blocked off and preceded by this symbol.

36. On page 18 of the manual, directions are provided on how to assemble the handlebars:

---

[15] http://c.searspartsdirect.com/mmh/pd_download/lis_pdf/OWNM/L0206042.pdf.

7 | P a g e

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com





37. Page 19 of the manual stresses the importance of securely tightening the 6mm angle bolt located in front of the stem bolt, stating in bold letters "**Failure to do this may cause loss of steering control**".



38. As a final warning, page 59 of the manual repeats:



8 | P a g e

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

39. A picture of the subject bike and the 6mm bolt is below:



40. At the time of sale, the Roadmaster bike was advertised and placed on display in the Walmart store as a pre-assembled bicycle.

41. Not all major retailers sell bikes pre-assembled. For example, Toys "R" Us offers a bike assembly service which costs an additional $10.00, and requires 24-hour notice[16].

42. However, Walmart sold and delivered the assembled Roadmaster bike to Mr. Johnson in such a state that any prudent person would have reasonably believed that the bicycle was assembled properly, would operate effectively, and provide for reasonably safe use.

43. On or about November 7, 2016, Mr. Johnson visited Walmart Store #4617, located at 1199 S. Federal Highway in Pompano Beach, Florida, and purchased a black Roadmaster Granite Peak 26-inch bike.

44. One Wednesday morning just a couple of weeks later, on November 23, 2016, the weather was clear and beautiful, and Mr. Johnson decided to go for a ride on his new bike.

45. Mr. Johnson has not made any adjustments or substantial changes in condition to the bike since he purchased it from Walmart, aside from adjusting the seat height.

46. Mr. Johnson was riding the Roadmaster bike in the bike lane on North Ocean Blvd. ("A1A") in Boca Raton, along Red Reef Park, south of Spanish River Blvd.

47. Mr. Johnson was heading south, with traffic to his left and the swale to his right.

---

[16] http://www.toysrus.com/shop/index.jsp?categoryId=28355216.

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

As he was pedaling along at approximately 15 m.p.h., the handlebars on his new bike suddenly became loose inside their bolt and shifted and slid completely to the right.

48.     Mr. Johnson had been steadily and forcefully peddling while stabilizing himself on the handlebars by holding on with both hands as the normal way of riding a bicycle. The 6mm bolt that was not properly installed when assembled by Walmart came loose, allowing the handlebars to freely slide under the pressure of Mr. Johnson's weight[17].

49.     Because Mr. Johnson was stabilizing his body on the handlebars, when they became loose and slid to the right, Mr. Johnson lost all control of his bike and was propelled forward and over the front of the bike.

50.     When Mr. Johnson was propelled over the handlebars, he launched forward striking the pavement with his face, shoulder and right side of his body.

51.     Had the handlebars shifted to the left instead of to the right, Mr. Johnson would have most likely landed in the path of traffic and would likely have been far more severely injured if not killed by the steady flow of traffic.

52.     All conditions precedent to the filing of this action have occurred or have been waived.

## CLASS ACTION ALLEGATIONS

53.     Mr. Johnson brings this suit as a class action on behalf of himself and on behalf of other similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3) (the "Class"). The proposed Class consists of:

> (i) All persons in the United States (ii) who within the Class Period purchased a bicycle at a Walmart store or on Walmart.com (iii) and were

---

[17] Mr. Johnson is 6' 1" and weighs approximately 205 pounds.

10 | P a g e

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

injured while riding said bicycle (iv) due to negligent assembly (the "Class").

54. Alternatively, Mr. Johnson brings this action on behalf of the following class: (i) All persons in the State of Florida (ii) who within the Class Period purchased a bicycle at a Walmart store or on Walmart.com (iii) and were injured while riding said bicycle (iv) due to negligent assembly.

55. The following persons are expressly excluded from the Class: (1) Walmart and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

56. The persons in the Class are so numerous that joinder is impracticable, and the disposition of their claims in this case and as part of a single class action lawsuit, rather than numerous individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent. Mr. Johnson alleges on information and belief based upon Walmart's size and the amount of bicycles sold by Walmart that the class is so numerous that joinder of all members of the class is impractical.

57. There are numerous and substantial questions of law and fact common to all members of the Classes which predominate over any individual issues. These common questions of law and fact include without limitation:

    a. The nature, scope and operation of Walmart's negligent bicycle assembly;

    b. Whether Walmart breached its duty to members of the class;

    c. Whether Walmart was negligent in training its employees and agents tasked with assembling bicycles;

  d. Whether the members of the Classes are entitled to injunctive relief; and

  e. The proper measure of damages.

58. Mr. Johnson's claims are typical of the other class members, and are all based on the same facts and legal theories. Walmart's negligent actions concern the same business practices described herein irrespective of where they occurred or were experienced. The injuries of each member of the Class were caused directly by Walmart's wrongful conduct. In addition, the factual underpinning of Walmart's misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class. Mr. Johnson's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

59. Plaintiff is a member of the Class, and will fairly and adequately protect the interests of the class. Mr. Johnson's interests in this action are antagonistic to the interests of Walmart, and he will vigorously pursue the claims of the Class. He has retained counsel experienced in handling actions involving personal injury as well as class actions. Neither Mr. Johnson nor his counsel have any interests which might cause them not to vigorously pursue this action.

60. The undersigned has been certified as class counsel in multiple class actions in this District.

61. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Trial of Mr. Johnson's and the Class members' claims is manageable.

62. Mr. Johnson is unaware of any difficulty that will be encountered in the

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

management of this litigation that would preclude its maintenance as a class action.

63. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Walmart has acted on grounds generally applicable to the class thereby making appropriate relief with respect to the class as a whole. Mr. Johnson requests certification of a class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages and injunctive relief.

### COUNT I –NEGLIGENCE

64. Mr. Johnson repeats, realleges and incorporates by reference paragraphs 1 through 63.

65. Walmart engages in the business of assembling and selling bicycles, including the subject Roadmaster bike.

66. Walmart had a duty to use reasonable care in the design, assembly, testing and inspection of the bicycle to ensure that the product was safe for any reasonably foreseeable use.

67. Walmart breached its duty to Mr. Johnson and members of the Class by:

   a. Failing to properly assemble the Roadmaster bike in a safe manner;

   b. Negligently failing to inspect the Roadmaster bike after it was assembled to ensure it was safe for purchase by customers;

   c. Failing to properly train and supervise employees and agents in the proper and safe way to assemble bicycles;

   d. Negligently failing to warn Mr. Johnson and members of the Class of the aforementioned hidden and dangerous conditions, which would not have been obvious to Mr. Johnson or members of the Class using a similar bicycle; and

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

    e. Selling the Roadmaster bike in a defective and unreasonably dangerous condition.

68. Walmart had actual knowledge of the defects in its bicycle assembly procedures in that they had knowledge of prior accidents involving defectively assembled bicycles, and took no action to remedy the assembly, testing and inspection process. Walmart has been sued many times—and likely settled even more cases pre-suit— for injuries sustained while riding a bicycle purchased at Walmart. Walmart acted in conscious or deliberate disregard for the foreseeable harm its actions and omissions created.

69. Mr. Johnson's and the Class members' injuries were solely and proximately caused by the breach of duty, negligence, recklessness, willfulness, and grossly negligent conduct of Walmart and its agents and employees.

70. As a direct and proximate result of Walmart's actions, Mr. Johnson and members of the Class suffered bodily injury and resulting in pain and suffering, disability, and mental anguish.

71. The above-described injuries occurred without any contributing negligence of Mr. Johnson.

## COUNT II-BREACH OF WARRANTIES

72. Mr. Johnson repeats, realleges and incorporates by reference paragraphs 1 through 63.

73. Mr. Johnson, and each member of the Class, formed a contract with Walmart at the time Mr. Johnson and the other members of the Class purchased a bicycle at a Walmart store. At all times, and as detailed above, Walmart expressly warranted that bikes sold by Walmart were safe, effective, and fit for use by consumers and users, including Mr. Johnson and the Class, for

their intended use, that they were of merchantable quality, and that they were free from defects that would render them defective and unreasonably dangerous.

74.     Moreover, the Uniform Commercial Code §2-314 provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of the kind.

75.     At all times, Florida and the following 48 states including the District of Columbia, have codified and adopted the provisions the Uniform Commercial Code governing the implied warranty of merchantability. Ala. Code §7-2-314; Alaska Stat. §45.02.314; Ariz. Rev. Stat. Ann. §47-2314; Ark. Code Ann §4-2 314; Cal. Comm. Code §2314; Colo. Rev. St §4-2-314; Conn. Gen. Stat. Ann. §42a-2-314; 6 Del. C. §2-314; D.C. Code §28:2-314; Fla. Stat. Ann §672.314; Ga. Code. Ann. §11-2-314; Haw. Rev. Stat. §490:2-314; ld. Code §28-2- 314; Ill. Comp. Stat. Ann. Ch. 810, 5/2-314; Ind. Code. Ann. §26-1-2-314; Iowa Code Ann. §554.2314; Kansas Stat. Ann. §84-2-314; Ky. Rev. Stat. Ann §355.2-314; La. Civ. Code Ann. Art. §2520; 11 Maine Rev. Stat. Ann. §2-314; Md. Code Ann. §2-314; Mass. Gen. Laws. Ch. 106 §2-314; Mich. Comp. Laws Ann. §440.2.314; Minn. Stat. Ann §336.2-314; Miss. Code. Ann. §75-2-314; Missouri Rev. Stat §400.2-314; Mont. Code. Ann §30-2-314; Nev. Rev. Stat. U.C.C §104.2314; N.H. Rev. Ann. §382-A:2-314; N.]. Stat. Ann. §12A:2-314; N.M. Stat. Ann §55-2-314; N.Y. U.C.C. Law 2-314; N.C. Gen. Stat. Ann §25-2-314; N.D. Stat. §41-02-314; Ohio Rev. Code Ann. §1302.27; Okla. Stat. §2-314; Or. Rev. Stat. §72.3140; Pa. Stat. Ann §2314; R.I. Gen Laws §6A-2-314; S.C. Code Ann. §36-2-314; S.D. Stat. 57A-2-314; Tenn. Code Ann. §47-2-314; Tex. Bus. & Com. Code Ann. §2-314; Ut. Code Ann. §70A-2-314; VA Code §8.2-314; Vt. Stat. Ann §9A-2-314; W.VA. Code §46-2-314; Wis. Stat. Ann §402.314; and Wyo. Stat. §34.1-2-314.

76.     Bicycles sold by Walmart are a "good" as defined in the various states' commercial

15 | P a g e
Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

codes governing the implied warranty of merchantability.

77. As designers, manufacturers, assemblers, licensors, producers, marketers, and sellers of bicycles, Walmart is a "merchant" within the meaning of the various states' commercial codes governing the implied warranty of merchantability.

78. By placing bicycles in the stream of commerce, Walmart impliedly warranted that the bicycles were reasonably safe and free from defects that would render them defective and unreasonably dangerous.

79. Members of the public, including Mr. Johnson and members of the Class, reasonably relied upon the skill and judgment of Walmart, and upon said express warranties in purchasing a bicycle at a Walmart store.

80. Mr. Johnson and the Class members purchased their respective bicycles for their intended purpose.

81. Unknown to Mr. Johnson, at the time of the sale, the subject Roadmaster bike was defective and unreasonably dangerous, and it had been negligently assembled, tested, and inspected by Walmart. Said defects were not open or obvious to consumers, including Mr. Johnson and the Class.

82. As a direct and proximate result of Walmart's breach of warranties, Mr. Johnson and members of the class suffered bodily injury and resulting pain and suffering, disability, and mental anguish.

**WHEREFORE**, Plaintiff, BOYD JOHNSON, respectfully asks this Court to enter judgment against Defendant, WAL-MART STORES, INC. for:

    a. An Order certifying this nationwide Class for Count I and II;

    b. An Order appointing Yechezkel Rodal as Class Counsel;

c. The Court to declare that Walmart has engaged in the conduct alleged herein;

d. Injunctive relief requiring Walmart to cease the negligent practices;

e. An amount of damages to be determined at trial;

f. An award of prejudgment and post-judgment interest to Mr. Johnson and the Class;

g. An award of court costs as provided by law;

h. An award of punitive damages as provided by law; and

i. For such other relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, BOYD JOHNSON, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar Number: 91210
*Attorneys for Mr. Johnson and the putative Class*
Rodal Law, P.A.
3201 Griffin Road, Suite 203
Dania Beach, Florida 33312
Telephone: (954) 367-5308
Facsimile: (954) 900-1208
E-mail: Chezky@Rodallaw.com

17 | P a g e

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com